IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Curtis Graylin Simmons,<br><br>        Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>        Respondents. | No. CV-13-329-PHX-NVW (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition") in which Petitioner challenges criminal convictions in Maricopa County, Arizona, Superior Court, Case No. CR2010-005426-029 DT. (Doc. 1)  Respondents have filed an Answer to Petition for Writ of Habeas Corpus and Petitioner has filed a Reply. (Docs. 10-11)  As explained below, the undersigned Magistrate Judge recommends the Petition be denied.

**I. Background**

    **A. Indictment, Trial and Sentencing**

On January 26, 2010, the State of Arizona indicted Petitioner on one count of Conspiracy, a class two felony (Count 1), one count of Assisting in a Criminal Street Gang, a class three felony (Count 2), one count of Money Laundering, a class three felony (Count 3), and one count of Sale or Transfer of Narcotic Drugs, a class two felony (Count 101). (Doc. 10, Exhibit ("Exh.") A)[1]  Prior to trial and pursuant to the State's motion, the trial court

---

[1] Petitioner was one of 34 defendants charged in the 101-count indictment.

dismissed Counts 2 and 3. (Doc. 10-1 at 60)[2]

Following a jury trial in January 2011 on the remaining counts of Conspiracy and Sale or Transfer of Narcotic Drugs, the jury found Petitioner guilty of both. (Doc. 10, Exh. C).[3] On March 11, 2011, the trial court sentenced Petitioner to concurrent terms of twenty years in prison on each count. (Doc. 10, Exh. E) The severity of the sentences was due, in large part, to the trial court's determination that Petitioner had been convicted of eleven, mostly drug-related, prior felonies. (*See id.*)

**B. Direct Review**

Petitioner filed a timely Notice of Appeal on March 14, 2011.[4] (Doc. 10, Exh. F) Through counsel, Petitioner filed an Opening Brief on November 7, 2011. (Doc. 10, Exh. G) The State then filed an Answering Brief on February 24, 2012. (Doc. 10, Exh. H) On May 17, 2012, the Arizona Court of Appeals issued a Memorandum Decision in which it affirmed Petitioner's convictions and sentences. (Doc. 10, Exh. I) On June 28, 2012, Petitioner filed a Petition for Review to the Arizona Supreme Court. (Doc. 10, Exh. J) The Court denied review on November 8, 2012. (Doc. 10, Exh. L) Petitioner did not file a petition for writ of *certiorari* in the United States Supreme Court. (Doc. 1 at 3)

**C. State Post-Conviction Proceedings**

Petitioner did not file a notice of, or petition for, post-conviction relief in state court.[5] (Doc. 1 at 4)

---

[2] The docket and page numbers cited were generated by the Court's case management and electronic filing system. They do not reflect the pre-printed numbers on the documents.

[3] The Honorable Joseph C. Welty presided over Petitioner's trial and sentencing.

[4] Petitioner's Notice of Appeal came after he filed a *pro se* Motion for New Trial on January 24, 2011, five days after the jury found him guilty. (Doc. 10, Exh. D) The trial court denied that motion the following day. (*Id.*)

[5] The Court has confirmed that no petitions for post-conviction relief were filed on Petitioner's behalf by reviewing the docket at http://www.superiorcourt.maricopa.gov.

- 2 -

### D. Federal Habeas Petition

On January 15, 2013, Petitioner filed his Petition for Writ of Habeas Corpus in this District Court.[6] (Doc. 1) Petitioner identifies one ground for relief in the Petition. (Doc. 1 at 6-26) Petitioner alleges his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments were violated when the trial court suppressed the statements of an "unknown black female" who did not testify, but then allowed the prosecution to rely on evidence derived from police officers' contact with the unknown female to prosecute Petitioner.[7] Petitioner claims the charges against him should have been dropped once the statements from the unknown female were precluded. Petitioner claims the drug evidence obtained and used against him at trial was "fruit of the poisonous tree" because it was obtained as a result of information provided to law enforcement by the unknown female. On July 15, 2013, Respondents filed their Answer to Petition for Writ of Habeas Corpus. (Doc. 10) Petitioner filed his Reply on August 7, 2013. (Doc. 11)

### II. Discussion

Respondents argue Petitioner's claim is not cognizable on federal habeas review because it does not allege a violation of federal constitutional law. In addition, Respondents argue Petitioner's claim is procedurally defaulted and Petitioner has not presented a valid reason to excuse the default. The undersigned Magistrate Judge finds it unnecessary to reach Respondent's first argument because it is clear from the record that Petitioner's claim is procedurally defaulted and the Petition should be denied on that basis.

---

[6] The docket reflects the Petition was actually filed on February 14, 2013. (Doc. 1) The January 15, 2013 filing date is the date Petitioner signed the Petition, doc. 1 at 31, and reflects the application of the prison mailbox rule, *i.e.*, a petition is deemed filed on the date it is delivered to prison authorities for mailing. *See Jenkins v. Johnson*, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Petitioner fails to explain the delay between when the Petition was placed in the prison mailing system and its actual filing date.

[7] A minute entry regarding Petitioner's pretrial Motion to Suppress Alleged Incriminating Statements indicates the trial court denied the motion as moot because the State advised that it did not intend to use the statements. (Doc. 10, Exh. B at 60)

- 3 -

**A. Procedural Default**

**1. Legal Standards**

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. *Tamalini v. Stewart*, 249 F.3d 895, 898-99 (9th Cir. 2001); *Bland v. Cal. Dep't of Corrections*, 20 F.3d 1469, 1472-73 (9th Cir.1994), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (*en banc*). "Our rule is that a state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended on other grounds*, 247 F.3d 904 (9th Cir. 2001). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). "Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)).

If a petition contains claims that were never fairly presented in state court, the federal

1 court must determine whether state remedies remain available to the petitioner. *See Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Harris v. Reed*, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring). If remedies are still available in state court, the federal court may dismiss the petition without prejudice pending the exhaustion of state remedies. *Id.* However, if the court finds that the petitioner would have no state remedy were he to return to the state court, then his claims are considered procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (holding that a claim is procedurally defaulted "if the petitioner failed to exhaust state court remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred"); *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) (a defendant's claim is procedurally defaulted when it is clear the state court would hold the claim procedurally barred). Federal habeas review of these claims is barred unless the petitioner can establish cause for the default and actual prejudice resulting therefrom, or demonstrate that failure to consider the claim would result in a miscarriage of justice. *See, e.g., Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

"'Cause' must be something *external* to the petitioner, something that cannot be fairly attributed to him: We think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753 (emphasis in original) (internal quotation mark omitted). To show prejudice, the "habeas petitioner must show 'not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Murray*, 477 U.S. at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (omission and emphasis in original). "Miscarriage of justice" is a narrow exception to the cause requirement "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent" of the substantive offense. *Murray*, 477 U.S. at 496. Under such circumstances,

1  "a federal habeas court may grant the writ even in the absence of a showing of cause for the
2  procedural default." *Id.*

3  **2. Analysis**

4  Here, Petitioner failed to fairly present to an Arizona court the claim he asserts in his
5  habeas petition. In his direct appeal, Petitioner presented only one claim. Petitioner argued
6  the trial court erred in aggravating his sentence by considering factors that only the jury, as
7  the trier of fact, was allowed to consider. (Doc. 10, Exh. G) As noted above, Petitioner did
8  not file a State post-conviction relief petition. By failing to present to the Arizona Court of
9  Appeals the claim he raises here in his habeas petition, Petitioner has failed to exhaust his
10 State court remedies.  Moreover, Petitioner would no longer have a remedy if he returned to
11 the Arizona courts.[8] As a result, his claim is procedurally defaulted.

12 Petitioner argues in the Petition and Reply that he failed to properly present his claim
13 in the State court because his appellate counsel refused to include it in the direct appeal.
14 (Docs. 1 at 8-10 and 11 at 5-8) Thus, he appears to be asserting ineffective assistance of
15 appellate counsel as cause for the default.

16 Ineffective assistance of counsel can establish sufficient cause only when it rises to
17 the level of an independent constitutional violation. *Coleman*, 501 U.S. at 755. Thus, before
18 counsel's ineffectiveness may be used to establish cause for a procedural default, it must be
19 presented to the state court as an independent claim. *See Edwards v. Carpenter*, 529 U.S.
20 446, 451-53 (2000) ("ineffective-assistance-of-counsel claim asserted as cause for the
21 procedural default of another claim can itself be procedurally defaulted"); *Murray*, 477 U.S.
22 at 489-90 ("the exhaustion doctrine . . . generally requires that a claim of ineffective
23 assistance be presented to the state courts as an independent claim before it may be used to

24

---

25 [8]Arizona Rule of Criminal Procedure 32.2(a)(1) provides that a defendant is precluded
26 from post-conviction relief on any ground that could have been raised on direct appeal.  In
   addition, the time has passed to seek post-conviction relief in the State court under Rule
27 32.4(a) of the Arizona Rules of Criminal Procedure and Petitioner has not raised, must less
   shown, any of the exceptions to the time limits identified in Arizona Rules of Criminal
28 Procedure 32.1(d), (e), (f), (g) or (h) apply to him.

establish cause for a procedural default."); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (exhaustion requires petitioner to first raise ineffective appellate counsel claim separately in state court before alleging it as cause for default).

Here, Petitioner had the opportunity to raise a claim of ineffective assistance of appellate counsel in a petition for post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure. Because he failed to do so, however, Petitioner may not rely on his appellate counsel's alleged ineffectiveness to establish cause for the default of his habeas claim.[9]

Petitioner argues no other basis to show cause for the default. Additionally, Petitioner has not asserted an actual-innocence claim. Thus, he provides no basis for this Magistrate Judge to conclude a miscarriage of justice would result if the merits of his claim are not considered.

**B. Conclusion**

For the foregoing reasons, the undersigned Magistrate Judge finds Petitioner failed to exhaust his State court remedies and, because such remedies are no longer available, his federal habeas claim is procedurally defaulted. Additionally, Petitioner has failed to show cause to excuse the default, and he has not demonstrated a miscarriage of justice. Accordingly, this Magistrate Judge will recommend the Petition be denied.

Based on the foregoing,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, doc. 1, be **DENIED**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because dismissal of the Petition is

---

[9] In addition, because Petitioner failed to raise ineffective assistance of appellate counsel in a post-conviction relief petition, this case falls outside the purview of *Ha Van Nuyen v. Curry,* 736 F.3d 1287, 1295 (9th Cir. 2013) (holding that the modified "cause" standard articulated in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), "applies to all Sixth Amendment ineffective-assistance claims, both trial and appellate, that have been procedurally defaulted by ineffective counsel in the initial-review state-court collateral proceeding.")

1  justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, must not be filed until entry of the District Court's judgment. The parties have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), (b), and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the undersigned Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. *See* Fed.R.Civ.P. 72.

DATED this 3rd day of January, 2014.

Lawrence O. Anderson
United States Magistrate Judge